United States District Court
Southern District of Texas
**ENTERED**
January 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 2:14-150-1 CIVIL NO. 2:16-280 |
| IRENE YVETTE MOLINA, Defendant/Movant. | § § § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Irene Yvette Molina filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 47. Now pending before the Court is the United States' motion for summary judgment (D.E. 53), to which Movant has responded (D.E. 54). For the reasons set forth below, the Government's motion for summary judgment is granted, and Movant's § 2255 motion is denied.

## I. Background

On May 14, 2014, Movant pled guilty before the Magistrate Judge to possession with intent to distribute 1.28 kilograms of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Movant's conditional plea was pursuant to a written plea agreement wherein she waived her right to appeal or collaterally attack the judgment or sentence, but preserved her right to appeal the Court's denial of her motion to suppress evidence. This Court accepted the Findings and Recommendation on Plea of Guilty.

The Presentence Investigation Report (PSR) assigned Movant a base offense level of 32. After credit for acceptance of responsibility, her total offense level was 29. With a criminal history category of II, her advisory guideline range was 97 to 121 months'

imprisonment; however, under the statutory minimum set forth in 21 U.S.C. § 841(a)(1)(A), Movant's guideline became 120 to 121 months. On August 6, 2014, the Court adopted the findings of the PSR and sentenced Movant to 120 months' imprisonment, to be followed by 5 years' supervised release.

The Fifth Circuit affirmed the Court's order denying Movant's motion to suppress on April 23, 2015, and the judgment became final on July 22, 2015. Movant filed the present motion on June 20, 2016, asserting relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). It is timely. *See* 28 U.S.C. § 2255(f)(3).

## II. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

### III. Movant's Allegations

Movant raises a single claim for relief: she is entitled to a sentence reduction under *Johnson v. United States*, 135 S. Ct. 2551 (2015). According to Movant's brief, she was sentenced as a Career Offender under U.S.S.G. § 4B1.1 because she had four prior "violent felony" convictions; however, these offenses are no longer "crimes of violence" under *Johnson*.

### IV. Analysis

Under the Armed Career Criminal Act (ACCA), a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015).

Movant was not convicted of violating 18 U.S.C. § 922(g), she was not sentenced pursuant to the ACCA, and her sentence was not enhanced for any prior "violent felonies" or "crimes of violence." Thus, *Johnson* has no effect on Movant's sentence.

Because Movant's motion has no merit, the Court need not consider the Government's argument that her claim is barred by her waiver to collaterally attack her conviction or sentence.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement

to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of her claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion for summary judgment (D.E. 53) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 47) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

So **ORDERED** this _____ day of ___1/17/17_____, 2017.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE